IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CAROLYN S. WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:08CV624 |
| | ) |
| GENERAL DYNAMICS ADVANCED | ) |
| INFORMATION SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motion to remand (Docket No. 11) filed by Plaintiff Carolyn S. Wood ("Plaintiff"). Defendant General Dynamics Advanced Information Systems, Inc. ("GDAIS" or "Defendant") has opposed the motion. (Docket No. 13.) Plaintiff has filed a reply. (Docket No. 21.) For the reasons stated herein, the Court concludes that Plaintiff's motion should be denied.[1]

---

[1] Also before the Court is Plaintiff's motion to strike the affidavit of Lawrence A. Martinelli, which was submitted in support of Defendant's opposition to remand. (Docket No. 19.) As discussed *infra*, the Court concludes that this motion is moot and/or baseless and should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by Defendant, or its predecessors, between April 1980 and October 2001, at which time she was involuntarily terminated. (Docket No. 2, Complaint ("Compl.") ¶¶ 3-5.) Prior to October 2001, Defendant classified Plaintiff as an "employee" and provided her with "the full compensation package to which GDAIS salaried employees were entitled." (*Id.* ¶ 5.) In October 2003, Defendant contacted Plaintiff and inquired as to her availability to return to work. (*Id.* ¶ 6.) On April 5, 2004, Plaintiff reported to work at Defendant's facility in McLeansville, North Carolina. (*Id.*) She was advised that she would be paid for her services as "contract labor," through a "contact [sic] labor house" known as ADEA Solutions ("ADEA"). (*Id.*) This arrangement lasted until January 7, 2007. (*Id.* ¶ 8.)

Plaintiff alleges, *inter alia*, that during this time period, she: (1) was supervised by GDAIS personnel; (2) managed the work of GDAIS employees; (3) worked hours established by GDAIS; (4) submitted GDAIS timesheets; (5) was invited to GDAIS functions; (6) had her hourly pay rate and nonexempt status determined by GDAIS; and (7) was provided equipment and work space by GDAIS. (*Id.* ¶ 8.) In short, Plaintiff maintains that Defendant "retained the right to control [her] and direct the manner and method" in which she performed her work; therefore, she concludes that Defendant "improperly classified her as an 'employee' of ADEA, as opposed to an 'employee' of GDAIS." (*See id.* ¶¶ 9-12.)

On October 17, 2007, Plaintiff's counsel sent a letter to GDAIS which stated in relevant part that Plaintiff is entitled to receive retroactive benefits under GDAIS's employee

-2-

Case 1:08-cv-00624-TDS-PTS   Document 26   Filed 06/17/09   Page 2 of 11

benefit plans (the "Demand Letter"). (Docket No. 13, Ex. A, Affidavit of Lawrence A. Martinelli (the "Martinelli Aff."), Ex. 3 at 5-6.) In essence, the Demand Letter requested that GDAIS classify Plaintiff as an employee and that it reimburse her for compensation she believes she is entitled to. (Compl. ¶¶ 23, 24.) Specifically, the Demand Letter proposed a settlement whereby GDAIS would receive a "general release of all claims against [it]" in exchange for, *inter alia*, a payment of $400,000 to Plaintiff and an adjustment to her present salary. (Demand Letter at 5-6.) GDAIS refused Plaintiff's demands. (Compl. ¶¶ 23, 24.)

On July 25, 2008, Plaintiff initiated the present action in the North Carolina District Court for Alamance County. (*Id*. at 7.) In her complaint, Plaintiff purports to seek only declaratory and injunctive relief, pursuant to N.C. Gen. Stat. § 1-253, *et seq*. (the "Act"), as well as fees and costs. (*Id*. at 1, 5-6.) Specifically, Plaintiff seeks a declaration that "from April 5, 2004, through January 7, 2007, the Plaintiff met the definition of a GDAIS employee under the common law [of North Carolina]," and that during that time period, "GDAIS was an employer of the Plaintiff." (*Id*. at 5.) Further, Plaintiff also seeks to affirmatively enjoin Defendant by requiring it to "reclassify the Plaintiff as an employee of GDAIS" during said time period.[2] (*Id*.)

---

[2] The Court observes that even though Plaintiff's complaint does not include a specific request for "damages," it does allege that GDAIS "violated her property rights," including her "monetary rights." (Compl. ¶ 25.) Moreover, Plaintiff's complaint makes clear that she demanded monetary reimbursement from GDAIS prior to initiating the present suit (*see id*. ¶¶ 23, 24), which Plaintiff's counsel confirmed at oral argument was a direct reference to the Demand Letter.

On September 3, 2008, Defendant removed the matter to this Court on the putative bases of diversity jurisdiction and federal question jurisdiction. (Docket No. 1, Pet. for Removal.) Defendant alleged that this Court has "diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and GDAIS and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." (*Id.* ¶ 9.) Further, Defendant maintained that this Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims are "preempted" by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (*Id.* ¶ 10.)

On October 3, 2008, Plaintiff filed the motion to remand that is presently before this Court. (Docket No. 11.) On October 27, 2008, Defendant filed a memorandum of law opposing remand, which included an Affidavit from its Director of Human Resources and Benefits Administration, Lawrence A. Martinelli. (Docket No. 13, Martinelli Aff. ¶ 2.) Among other things, Mr. Martinelli attached a copy of the Demand Letter to his affidavit. (Martinelli Aff., Ex. 3.) On November 14, 2008, Plaintiff filed, pursuant to Fed. R. Civ. P. 12(f), a motion to strike this affidavit and its exhibits, which is also presently before this Court. (Docket No. 19.)

On May 19, 2009, the Court heard oral argument from the parties on Plaintiff's motion to remand. The majority of the hearing focused generally on the issue of diversity jurisdiction, and in particular on whether and how the Court should "value" the relief sought by Plaintiff in conducting its "amount in controversy" analysis.

-4-

Case 1:08-cv-00624-TDS-PTS   Document 26   Filed 06/17/09   Page 4 of 11

# DISCUSSION

Plaintiff seeks to strike the Martinelli Affidavit, including the Demand Letter, from the record and to have this matter remanded to state court pursuant to 28 U.S.C. § 1447(c). Defendant opposes both motions on the merits and contends that removal was proper based on federal question and diversity jurisdiction. The parties have filed briefs and other documents in support of their positions. The Court will address each motion in turn, beginning with Plaintiff's motion to strike.

## A.     The Martinelli Affidavit

Fed. R. Civ. P. 12(f) allows courts to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added). While acknowledging that an affidavit is not a "pleading," as defined in Fed. R. Civ. P. 7(a), Plaintiff urges the Court to nonetheless use this rule to strike the Martinelli Affidavit and its exhibits from the record, or, alternatively, to disregard that rule and simply inquire into the ultimate admissibility of the information contained therein and to exclude it on other grounds. The Court is not inclined to do so at this time.

As an initial matter, the Martinelli Affidavit recites that it was made with all the normal indicia of reliability/admissibility (i.e., with personal knowledge of the matters contained within, under penalty of perjury, etc.); however, after careful review, the Court has determined that the only portion of the affidavit which is particularly germane to resolving the present motion to remand is the Demand Letter, which is attached as Exhibit 3. Indeed,

notwithstanding any questions regarding the ultimate admissibility of the Martinelli Affidavit, the Court determines that it may consider the Demand Letter, and consequently resolve the underlying motion to remand, on other, independent grounds.

In point of fact, the Plaintiff conceded at oral argument, that her complaint makes multiple references to the Demand Letter. (Compl. ¶¶ 23, 24.) Accordingly, the Court may take cognizance of the actual document itself. *See, e.g., Tellabs, Inc., v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2509 (2007) ("[C]ourts must consider the complaint in its entirety," including "documents incorporated . . . by reference."). Moreover, it is amply clear that the Court may consider evidence outside the complaint in order to determine the amount in controversy, such as affidavits and demand letters. *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002) (rejecting the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy); *see also Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816-17 (7th Cir. 2006) (same); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (same); *accord Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-52 (7th Cir. 2006) (The amount in controversy may be established by reference to the plaintiff's contentions, interrogatories, admissions, calculations based on the complaint, the plaintiff's informal estimates or settlement demands or by the introduction of evidence, such as affidavits.).

In any event, it is clear that the Court may consider the Demand Letter. As such, the questions raised by the parties as to whether Rule 12(f) is the proper vehicle to strike an

-6-

affidavit, and whether the factual statements contained in the Martinelli Affidavit are admissible become academic. Accordingly, the Court finds that Plaintiff's motion to strike the Martinelli Affidavit should be dismissed as moot.

**B.      Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. As the parties agree that complete diversity exists (*see* Pl.'s Reply Br. at 6; *see also* Def.'s Br. at 5), the only real issue that needs to be addressed is whether the "amount in controversy" requirement has been met. The Court concludes that it has.

Despite the fact that Plaintiff's complaint does not actually seek damages, Defendant has argued that the Court should look to the Demand Letter and determine that the "value" of the declaratory and injunctive relief sought by Plaintiff exceeds the statutory minimum required to exercise diversity jurisdiction. On the other hand, Plaintiff has insinuated that the Court need not "value" the relief she seeks, and argued that if it does, it should determine that the value is "nil," because she seeks a simple declaration and injunction, rather than a specific sum of money. The Court finds the latter argument to be unpersuasive.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Where the relief sought is equitable in nature, courts in the Fourth Circuit must apply the "either viewpoint" test to

-7-

determine the "value of the object of the litigation." *See, e.g., Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)); *see also Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002); *Hudson Const. Co. v. Dillingham Const. Co.,* 169 Fed. Appx. 769, 770-71 (4th Cir. 2006) (unpublished); *Market Am., Inc. v. Tong,* No. 1:03CV00420, 2004 WL 1618574 (M.D.N.C. July 15, 2004); *accord Candor Hosiery Mills, Inc. v. Int'l Networking Group, Inc.*, 35 F. Supp. 2d 476, 479-80 (M.D.N.C. 1998) (applying the "either party" test).

In applying this test, courts are required to look to the underlying rights and obligations of the litigants to "calculate the *potential* pecuniary impact of [a] judgment to either party." *Tong*, 2004 WL 1618574, at *2 (citing *Candor*, 35 F. Supp. 2d at 479-80); *see also Moore v. Cabot Oil & Gas Corp.,* No. 2:06-0538, 2007 WL 1302546, at *5 (S.D.W.Va. May 2, 2007); *In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702, 718-19 (D. Md. 2001); *accord Dixon*, 290 F.3d at 711 (citing *Lally*, 327 F.2d at 569). "In so doing, the Court may not weight the merits of the case, but should consider all the evidence in the record, including the pleadings and the affidavits submitted by the parties." *Tong*, 2004 WL 1618574, at *2 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Dash v. FirstPlus Home Loan Trust*, 248 F. Supp. 2d 489, 498 (M.D.N.C. 2003)).

If its jurisdictional allegations are challenged, the party advocating the exercise of federal jurisdiction must present "competent proof" to establish that the "amount in controversy" requirement has been met by a preponderance of the evidence. *See, e.g., McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Candor*, 35

F. Supp. 2d at 479-80; *Tong*, 2004 WL 1618574, at *2; *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1997); *cf. Chandler v. Cheesecake Factory Rests., Inc.*, 239 F.R.D. 432, 438 (M.D.N.C. 2006). Further, at least two circuit courts have held that "[o]nce the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *See, e.g, Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Sadowski*, 441 F.3d at 541; *Red Cab*, 303 U.S. at 289); *see also DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *cf. Barr v. Frannet, LLC*, No. 3:07-CV-1222-M, 2008 WL 59295, at *1 (N.D. Tex. Jan. 3, 2008).

Here, the "objects" of this litigation are Plaintiff's requests for declaratory and injunctive relief (i.e., that she be declared an "employee" of GDAIS during the relevant time period and that GDAIS be affirmatively enjoined to classify her as such). At oral argument, Plaintiff did not dispute that she intended to take the state-court ruling she presently seeks (which she also maintains would be binding on a federal court subsequently reviewing her entitlement to ERISA benefits), to the administrator of GDAIS's ERISA benefit plans, so that she may seek retroactive benefits for the time she was classified as "contract" labor. Instead, the main point of contention between the parties on the issue of diversity jurisdiction was quite simply whether the Court should "value" the declaration and/or injunctive relief that she seeks, and if so, how it should do so.

Defendant maintained that the declaration and injunction sought by Plaintiff were, in effect, conditions precedent to her ability to seek ERISA benefits under the terms of GDAIS's respective benefits plans, a point which Plaintiff did not directly contest. Ergo, Defendant reasoned that because Plaintiff valued her putative ERISA benefits at settlement value of $400,000, the declaratory and injunctive relief she sought was worth that same amount, as the latter could not be obtained without the former. Plaintiff's response to this argument was that, notwithstanding its Demand Letter, which did indeed value Plaintiff's putative ERISA claims at least at $400,000, it would be too speculative an endeavor to attempt to value her claims at this juncture.

While it is true that ambiguities should generally be construed in favor of remand, this Court does not find that this matter is infected with any undue degree of vagueness. Indeed, the Court considers the Demand Letter to be good evidence that Plaintiff values her alleged ERISA claims, which she has plainly stated she intends to seek after obtaining declaratory and injunctive relief, at a value well in excess of the statutory minimum required to assert federal jurisdiction. Thus, the mere fact that Plaintiff may not ultimately be successful in obtaining all the relief to which she believes she is entitled does not materially alter the conclusion that the "potential" impact of a judgment in this matter could have the effect of resulting in either a $400,000 "gain" to Plaintiff, or "loss" to Defendant.

Accordingly, absent some concession by Plaintiff that her Demand Letter was artificially inflated and/or sent in bad faith, the Court cannot help but conclude that

-10-

Defendant has carried its burden of establishing, by a preponderance of the evidence, that the "value" of the objects of this litigation (i.e., the declaration of employment status and/or the request for injunctive relief) satisfy the amount in controversy requirement. Moreover, aside from its conclusory statements in court, Plaintiff has not produced any evidence to show that the value of the relief she seeks is less than $75,000, let alone any such evidence which would, to a legal certainty, support such a conclusion.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's motion to remand (Docket No. 11) be denied. **IT IS FURTHER RECOMMENDED** that Plaintiff's motion to strike (Docket No. 19) be dismissed as moot. Finally, **IT IS ORDERED** that Plaintiff be afforded thirty (30) days to make any amendment to her complaint she deems necessary.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 17, 2009